**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**HELEN ALEXANDER,**

    **Plaintiff,**

**v.**                **Case No:   8:13-cv-1602-T-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Helen Alexander (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits and supplemental security income benefits. Doc. No. 1.[1] Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to consider all the relevant medical evidence pertaining to her chronic obstructive pulmonary disease in determining her residual functional capacity ("RFC"); and 2) finding that her affective disorder was not a severe impairment. Doc. No. 27 at 6-13. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.     THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

---

[1] Claimant alleged disability beginning on July 15, 2006.  R. 23.

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II.  STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well

as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS.

#### A. RFC.

Claimant argues the ALJ did not properly account for her functional limitations resulting from her chronic obstructive pulmonary disease ("COPD") by finding that she must work in an air-conditioned environment.  Doc. No. 27 at 11-13.  Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC.  20 C.F.R. § 404.1520(e).  A claimant's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations secondary to his or her established impairments.  RFC is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his or her impairments.  20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The focus of this assessment is the doctor's evaluation of the claimant's condition and the medical consequences thereof.  *Id*.  If a claimant can still do the kind of work he or she has done in the past, then the regulations require that the claimant be found not disabled.  20 C.F.R. § 404.1520(f).  The claimant bears the burden of showing that he or she can no longer perform his or her past relevant work.  *Jackson v. Bowen*, 801 F.2d 1291, 1292 (11th Cir. 1986) (per curiam). The responsibility for determining a claimant's RFC rests solely with the ALJ.  20 C.F.R. §

404.1513(b)(6) (the lack of a medical source statement stating what the claimant can still do despite her impairments will not make a medical report incomplete); 20 C.F.R. § 404.1527(e)(2).[2]  In evaluating a claimant's RFC, the ALJ is obliged to consider all of the claimant's impairments, including subjective symptoms such as pain.

On November 13, 2007, Dr. Murthy Ravipati, acting as a non-examining state agency physician, completed a physical RFC assessment, in which he opined that Claimant should avoid concentrated exposure to extreme cold and heat, as well as hazards such as machinery and heights. R. 439.  On May 27, 2010, Dr. John Rinde, acting as a non-examining state agency physician, completed a physical RFC assessment, in which he opined that Claimant should avoid moderate exposure to fumes, odors, dust, gases, and poor ventilation due to her COPD and hazards, such as machinery and heights, due to her allegation of seizures.   R. 796.

At step two of the sequential evaluation process, the ALJ found that Claimant's COPD is a severe impairment.  R. 26.  At step four of the sequential evaluation process, the ALJ provides a detailed discussion of Claimant's medical records, including those relating to her COPD, and assigned "some weight" to Drs. Ravipati's and Rinde's opinions.  R. 33.  The ALJ went on to find that Claimant has the following RFC:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with an occasional limitation (up to one-third of the workday) for bending, stooping, crouching and kneeling[,] but capable of performing routine tasks in an air conditioned environment with a sit/stand option.

R. 28.  At the hearing, the ALJ posed a hypothetical question to the vocational expert consistent

---

[2] "We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your [RFC] . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner."  20 C.F.R. § 404.1527(d)(2).

with the foregoing RFC.  R. 852.  The VE testified that while Claimant could not perform her past relevant work, she would be able to work as a telephone clerk, medical supplies assembler, and order clerk.  R. 852-53.  The ALJ subsequently relied on the VE's testimony at step five of the sequential evaluation process and found that Claimant is not disabled.  R. 34-5.

Claimant argues that the ALJ's determination that she be limited to working in an air-conditioned environment does not adequately account for the environmental limitations identified by Drs. Ravipati and Rinde.  Doc. No. 27 at 11-13.  The Commissioner argues that Drs. Ravipati's and Rinde's opinions are "largely consistent" with the ALJ's RFC determination, and that the limitation to air-conditioned environments is otherwise supported by substantial evidence.  Doc. No. 28 at 8-11.  It is axiomatic that the ALJ's RFC determination does not have to include or account for every limitation contained in a medical opinion.  *See, e.g.*, 20 C.F.R. 404.1527(e)(2)(i) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants[.]").  The ALJ, however, is required to provide a reasoned explanation as to why he or she chose not to include a particular limitation.  *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011); *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)).

Here, the ALJ assigned Drs. Ravipati's and Rinde's opinions "some weight" without any further explanation as to what he thought of their opinions concerning Claimant's environmental limitations.  R. 33.  To the extent the ALJ disagreed with Drs. Ravipati's and Rinde's opinions concerning Claimant's environmental limitations, he provides no reasoned explanation why he disagrees, thus preventing meaningful review of the ALJ's decision to not include or account for

these opinions. *See* R. 23-35. To the extent the ALJ agreed with Drs. Ravipati's and Rinde's opinions concerning Claimant's environmental limitations, he does not explain how a limitation to air-conditioned environments accounts for Dr. Rinde's opinion that Claimant avoid moderate exposure to fumes, odors, dust, gases, and poor ventilation. *See Id*. This omission is significant since an air-conditioned environment may very well contain these irritants. Further, the Court cannot conclude that this omission results in harmless error because the ALJ's hypothetical question to the VE did not indicate that the individual must avoid moderate exposure to fumes, odors, dust, gases, and poor ventilation, nor does the Dictionary of Occupational Titles' description of the jobs Claimant was found capable of performing despite her RFC address exposure to fumes, odors, dust, gases, and poor ventilation. *See* R. 852-53; U.S. Dep't of Labor, Dictionary of Occupational Titles, 237.367-046 (rev. 4th ed.1991), 1991 WL 672194; *Id*. at 559.687-014 (rev. 4th ed.1991), 1991 WL 683782; *Id*. at 209.567-014 (rev. 4th ed.1991), 1991 WL 671794. In light of the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and must be remanded for further proceedings.[3]

## IV.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

---

[3] The Court finds this issue dispositive and does not address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir.1983) (on remand the ALJ must reassess the entire record).

**DONE** and **ORDERED** in Orlando, Florida on August 26, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Richard E. Ouellette
Administrative Law Judge
c/o Office of Disability Adjudication and Review
4925 Independence Pkwy
Suite 200
Tampa, FL 33634